IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS E. SOLER GARCIA,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO. 10-1775 (CVR)

**OPINION AND ORDER**

    Plaintiff Luis E. Soler-García, (hereafter plaintiff "Soler-García") filed this action to obtain judicial review of the final decision of the defendant, the Commissioner of Social Security (hereafter "Commissioner"), denying the application for entitlement to a period of disability and ensuing benefits. (Docket No. 2).[1]

    Plaintiff Soler-García, represented by able counsel Alejandro Bellver Espinosa, submits the decision of the Commissioner did not employ the proper legal standard, did not provide whether the cross-examination of counsel of the vocational expert was taken into consideration nor whether there was need for a medical expert's testimony since the presiding Administrative Law Judge ("ALJ") was not qualified to interpret raw medical data. Plaintiff avers that, if the above submissions are considered, then plaintiff should be considered a disabled individual and the decision denying his application for disability should be set aside and the matter remanded for further proceedings. (Docket No. 25).

---

[1] U.S.C. Sec. 405(g) provides for judicial review of the final decision of the Commissioner.
  "... [t]he court shall have power to enter, upon the pleadings and transcript
   of the record, a judgment without remanding the cause for rehearing".  Section 205(g).

The Commissioner answered the Complaint, filed copy of the administrative record and the corresponding memorandum of law in support of the Commissioner's decision. (Docket Nos. 15 and 16). Thereafter, plaintiff submitted his memorandum of law and thereafter defendant filed its memorandum. (Docket Nos. 25 and 29).

After an examination of the administrative record, counsel for plaintiff's memorandum of law and defendant's memorandum, as well as the administrative record containing the medical evidence on file, this United States Magistrate Judge finds the Commissioner's decision is not supported by substantial evidence.

## GENERAL BACKGROUND

Plaintiff Soler-García is a forty-seven (47) years old individual who used to work janitorial service and was initially insured for disability purposes up to December 30, 2007.[2] On August 16, 2002, his initial application was filed for disability benefits and was approved for a closed period from September 5, 2001 up to January 8, 2003. (Transcript pp. 247-252). Plaintiff was found unable to perform his relevant work. Plaintiff Soler-García then filed an application for a period of disability on June 28, 2005, claiming onset date of disability as of September 17, 2005, for he had not engaged in substantial gainful activity since 2006, being forty seven (47) years old at the time. Plaintiff was then insured for disability purposes up until December 31, 2010, since he had returned to work after the initial application was approved. Plaintiff submits he has suffered two related work accidents which affected his back and knees. He also suffered from umbilical hernia, cervical and lumbar pain, herniated disc, high blood pressure, bilateral carpal tunnel,

---

[2] Plaintiff holds a B.A. in Psychology but has always work in janitorial work for approximately 22 years.

arthritis, limited neck movement, in addition to a mental condition diagnosed as severe depression, with psychosis and related symptoms of panic and anxiety attacks.

## PROCEDURAL HISTORY AND THE ADMINISTRATIVE HEARING

This latter claim for disability was denied initially and upon reconsideration. After the requested administrative hearing was held on May 8, 2008, the presiding ALJ issued an opinion wherein he concluded that, although plaintiff could not perform his past relevant work, there were jobs available within his residual functional capacity. Through the vocational expert's testimony, the mental restrictions and limitations were found not to significantly compromise the range of light unskilled work plaintiff could perform, including product examiner or inspector, and product labeler. The ALJ determined the existence of a wide range of unskilled work of light exertional demands. Thus, the ALJ concluded plaintiff was not disabled. The Appeals Council reviewed the decision and affirmed same. (Transcript pp. 17-24).

## THE ALJ'S DECISION AND THE APPEALS COUNCIL

The ALJ applied in his administrative process the evaluation process mandated by law, insofar as concluding that plaintiff: (1) meets the non-disability requirements for a period of disability and disability insurance benefits and is insured for benefits through December 31, 2010; (2) has not engaged in substantial gainful activity since the alleged onset date of disability; (3) allegations of severe impairments, including exertional and non-exertional had more than a minimal affect on his ability to perform basic work-related activities, constituting then severe impairments; (4) plaintiff did not have an impairment or combination that meets or equals the listed impairments in 20 C.F.R. Part 404, Subpart

P, Appendix 1. (Tr. pp. 17-19); (5) upon consideration of the entire record, plaintiff had the residual functional capacity for light level of exertion and retains the ability to perform the wide full range of light of unskilled work. (Id. p. 23).

The ALJ discussed the medical evidence wherein the State Insurance Fund's treating sources and other private treatment showed plaintiff Soler-García suffered a left knee meniscus tear subject to surgery in the year 2002. The record also shows degenerative changes and disc pathology of the cervical and lumbar spine and recurrent muscle spasms. The record further refers to an affective disorder since 2000 manifested by depression, isolation, somatic complaints, reduced energy level and reduced stress tolerance. These were considered of moderate intensity, without gross emotional instability. Plaintiff retained the ability to take care of his personal needs and general activities of daily living. (Id. p. 20). The ALJ indicated plaintiff had no recurrent hospitalizations, emergency treatment or intensive therapy for his physical or mental ailments. (Id. p. 22). As such, performance of work with plaintiff's residual functional capacity was not precluded and he was found not to be disabled.

## LEGAL ANALYSIS

**A. Legal Standard**.

The Court's review is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence. <u>Manso-Pizarro v. Secretary of Health and Human Services</u>, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters

entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 26 (1st Cir. 1986); Ortiz v. Secretary of Health and Human Services, 955 F.2d 765, 769 (1st Cir. 1991).

To establish entitlement to disability benefits, the burden is on the claimant to prove that he is disabled within the meaning of the Social Security Act. *See* Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987). It is well settled law that a claimant is disabled under the Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). A claimant is unable to engage in any substantial gainful activity when the claimant is not only unable to do his previous work but, considering age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists, or whether he would be hired if he applied for work. 42 U.S.C. § 423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered. 20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a claimant is or not disabled. 20 C.F.R. §§ 404.1520; *see* Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); Goodermote v. Sec. of Health & Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982).

Through step one the ALJ determines whether the claimant is engaged in "substantial gainful activity." If he is, disability benefits are denied. §§ 404.1520(b). If he is not, the decision-maker proceeds to step two, through which it is determined whether the claimant has a medically severe impairment or combination of impairments. *See* §§ 404.1520©. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines whether the impairment prevents the claimant from performing the work he has performed in the past. If the claimant is able to perform his previous work, he is not disabled. §§ 404.1520(e). If it is determined that the claimant cannot perform this work, then the fifth and final step of the process demands a determination on whether claimant is able to perform other work in the national economy in view of the residual functional capacity, as well as age, education, and work experience. The claimant would be entitled to disability benefits only if he is not able to perform other work. §§ 404.1520(f).

The claimant has the burden, under steps one through four, of proving that he cannot return to his former employment because of the alleged disability. Santiago v. Secretary of Health and Human Services, 944 F.2d 1, 5 (1st Cir. 1991).

However, the ALJ concluded, at step five of the evaluation process, plaintiff Soler-García was not considered disabled since, although unable to perform his past relevant work, he could perform other type of work within the light and unskilled level of exertion. As indicated by the vocational expert's testimony, the ALJ considered these jobs included performing as product examiner or inspector and product labeler, which were within plaintiff's residual functional capacity for light and unskilled type of work. (Tr. p. 24).

Counsel for plaintiff stated in opposition to the Commissioner's decision that the evidence of record established the denial of disability benefits was not supported by substantial evidence and the ALJ erred in interpreting the medical evidence of record by not considering the medical evidence of record in its entirety. Plaintiff Soler-García has established an inability to perform his work in maintenance, and any other unskilled work which requires body movements, co-workers' environment and/or concentration, since there are exertional and non-exertional limitations present which have been duly established. (Docket No. 25, p. 19).

The record shows that plaintiff Soler-García, after having returned to gainful employment for three (3) years after the initial disability claim, suffered a fall on April of 2005 at the Manatí Area Hospital while performing maintenance work. He hurt his knees and suffered burns due to acid exposure for which he received treatment from the State Insurance Fund, receiving treatment at the Industrial Hospital Burn Unit. He also

Luis E. Soler-García v. Commissioner of S.S.
Opinion and Order
Civil No. 10-1775 (CVR)
Page No. 8

underwent previous hospitalizations due to surgical intervention of an hernia and for surgery on his left knee. Plaintiff does not drive, his license has expired and does not owe a vehicle. (Transcript pp. 36-42).

Plaintiff indicated he received treatment for his mental condition for being anxious and depressed. He lost his marriage because of this condition and has been hospitalized at the San Juan de Capestrano in 2007. (Id. pp. 55, 59-60).

At the administrative hearing, the vocational expert testified to the hypothetical questions of the ALJ as to an individual who retained the capacity to sit, stand and walk for up to six hours, without limitations. He retained the capacity to learn, understand and execute simple instructions, use his judgment and react properly to supervision and co-workers. (Transcript pp. 61-62). Based on said hypothesis, the vocational expert indicated there were light and unskilled jobs plaintiff could perform. (Id. pp. 62-63). These jobs included examiners or inspectors of finished products, laborer for manually pasting labels, weight tester, ticketer. (Id.).

Counsel for plaintiff cross-examined the vocational expert who was also to consider that electromyographic tests indicated plaintiff suffered bilateral carpal tunnel syndrome. The expert indicated these jobs required the use of both hands constantly. In addition, the performance could be affected if there was a limitation of range of movement of the neck and further limitations imposed by pain. (Id. p. 64). Plaintiff Soler-García would not be able to perform these jobs with such exertional limitations. (Id., p. 65). In addition, counsel addressed in cross-examination questions as to non-exertional limitations imposed by plaintiff's mental condition, including having problems in his relationships, as also

affecting relating to co-workers. The vocational expert testified an individual who was having problems at home and in relating with co-workers, friends and the general public, will have problems adapting or relating. If plaintiff is considered to suffer the pain as testified, then he would have problems with concentrating and could not perform any jobs in the economy. (Id. p. 66).

Thus, plaintiff requests the case be remanded for further proceedings since, although a vocational expert had been retained by the ALJ and his testimony presented, the cross-examination was not considered in the ALJ's decision and no medical expert was retained to interpret raw medical data. (Id. p. 20).

**B. Conclusions of Law**.

The Court of Appeals for the First Circuit has previously discussed the ALJ is "not required to recite every piece of evidence that favored appellant." Stein v. Sullivan, 966 F.2d 317, 319 (7th Cir. 1992) (noting that the level of articulation required is not precise). *See* 20 C.F.R. § 404.1527(d) ("We will always give good reason in our notice of determination or decision for the weight we give your treating source's opinion); SSR 96-2p ("the notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

The available medical record shows plaintiff Soler-García's ample evidence as to his conditions both exertional and non-exertional. The ALJ determined plaintiff retained the residual functional capacity for light level of exertion and unskilled jobs. However, light

level of activity under lack of exertional limitations, is distinct from limitations caused by pain or a mental component as non-exertional limitations. Limitations of functions are classified as exertional or nonexertional. *See* 20 C.F.R. 404.1569a. Impairments, including pain, can cause exertional and/or nonexertional limitations of functions. Exertional limitations are those that affect a person's "ability to meet strength demands of jobs (sitting, standing, walking, lifting, carrying, pushing, and pulling). Non-exertional limitations are those that affect a person's "ability to meet the demands of jobs other than the strength demands. Examples of non-strength demands of jobs are the ability to concentrate, or to perform "the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching." *Id*. Thus, there can be an impact of non-exertional limitations on the occupational base.

In the instant case, there is a limited vocational expert's testimony, which plaintiff avers his counsel's cross-examination was not duly considered in the ALJ's opinion. Moreover, no medical expert's testimony was secured to assist the ALJ to compare the symptomatology of plaintiff's physical and mental conditions versus the ability to perform light type of work without restrictions.

The Commissioner, through the ALJ, is authorized to give greater weight to testimony and reports of medical experts commissioned by the administrative agency than to testimony and reports of other medical experts in determining whether a claimant is disabled. Similarly, the ALJ is entitled to reject a treating physician's conclusions that a claimant is totally disabled and accept contradictory medical evidence in the record. Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988). That more

weight is given to those reports of non-primary treating physician is not an error of the ALJ. *See* Barrientos v. Secretary of Health & Human Servs., 820 F.2d 1, 2-3 (1st Cir. 1987).

When claimant's non-exertional impairments, even though considered significant, only reduce the occupational base marginally, the Vocational Grid remains highly relevant and can be relied on exclusively to yield a finding as to disability or not. However, the more that occupational base is reduced by non-exertional impairments, the less applicable are the factual predicates underlying the Grid rules and the greater is the need for vocational evidence. Heggarty v. Sullivan, 947 F.2d 990 (1st Cir. 1991).

In the present case, the ALJ did not consider how plaintiff's non-exertional impairments imposed by his mental condition eroded his residual functional capacity and found plaintiff able to carry out the full range of light type of work without limitations.[3]

Insofar as pain, which is supported also by the medical record, plaintiff Soler-García continued attending therapy at the Sports Medical Clinic, including receiving blockages but states not feeling any effects. (Id. p. 203).

A summary of the medical evidence on record shows a diagnosis of herniated nucleous pulposis at C6-7 and at L4-L5 and L5-S1 as shown by MRI. The diagnosis was of lumbar miofascial syndrome and HNP at C6-C7. (Transcript p. 91). Spondylosis changes were found in the cervical area. Left knee arthritic changes and hip sclerosis were also found. (Id. p. 114). There was lordotic curvature in the rib area and discal herniation at the L5-S1 and L4-L5 levels. He had been hospitalized due to burns suffered at work. Skin

---

[3] Exclusive reliance on the GRID is not appropriate in mixed exertional/nonexertional cases. Ortiz v. Secretary of Health & Human Servs., 890 F.2d 520, 524-25 (1st Cir. 1989).

lesions required further dermatologist's examination. (Id. p. 115). The radiographic report found patient had a small umbilical wall hernia. (Id. p. 452).

A clinical psychologist referred the patient as being anxious, with sleep problems, lack of concentration, disheartened, isolated and irritable, for which partial hospitalization was scheduled at the San Juan de Capestrano Hospital. (Id. pp. 169-170). Although there were episodes of depression since 2000, upon the loss of a grandson due to malpractice and plaintiff's dismissal from employment for testifying in the case, he developed irritability, feelings of loneliness, lack of sleep, bad dreams, and sadness. Plaintiff was diagnosed with major depression, current, with generalized anxiety. Therapy and medications were continued to work on the emotional state. (Id. pp. 181-200). The patient developed marital problems and had problems with family members. (Id. p. 202).

A consultative psychiatric report by Dr. Hazel A. Toledo-Espiet refers to an individual who is anxious, depressive, labile, alert and impulsive. He had an irritable and anxious mood with labile affect. The thought process was coherent, without suicidal ideas. He was oriented. He was able to recall one out of three unrelated objects at immediate time and one out of three unrelated objects in recent time. (Id. p. 463). He had trouble remembering significant dates or events from the past (recent and remote memory). Attention span seemed to be distracted during the evaluation and instructions had to be repeated several times so he could understand them. Concentration tests showed the patient was unable to recite the days of the week or the months of the year backwards. Insight was superficial and judgment was fair. The diagnosis was of mood disorder secondary to medical condition and major depressive disorder. (Id. p. 464). Medication

for his mental condition of major depressive disorder, recurrent, severe, included Prozac, Trazadone and Xanax. (Id. p. 239).

This ALJ's conclusion as to residual functional capacity for the full range of light work was done disregarding the findings and reports of the treating and a consultative examination that the patient's concentration was limited, did not understand instructions easily, was irritable, and memory was affected. Additionally, allegations of pain were also supported throughout the medical record for plaintiff continually sought and received treatment for back pain, including tests, therapy, blockages, medications, reflecting only the patient was not amenable to surgery for there was no guaranty it will resolve the situation.[4] Not only pain can constitute significant non-exertional impairment, but in the present case there is a mental condition present that, in combination, may result in a disability to perform the type of jobs testified by the vocational expert.

In the instant case, it was determined plaintiff could perform light and unskilled type of work. For this reason, the Commissioner should carry the burden of showing availability of jobs in the national economy by means other than the GRID, that is, obtaining the testimony of a vocational expert, which in this case was done at the administrative hearing. However, counsel for plaintiff claims, and the record shows, relevant cross-examination by counsel of the vocational expert was not made part of the ALJ's opinion and findings. Through the vocational expert, the ALJ could have determined and obtained what kind of jobs remained, within light or even sedentary level of exertion, for an individual with a

---

[4] Schena v. Secretary of Health & Human Servs., 635 F.2d 15 (1st Cir. 1980) (medical reports indicating surgery would improve condition of social security disability benefits claimant did nto suffice as determination by ALJ that rejected back surgery could be expected to restore claimant's ability to work).

mental condition who may be restricted by major depression by marked deterioration in attention and concentration levels, immediate and recent memory affected, lacked the ability to respond appropriately to supervision and to work pressures in a work setting. On remand, the vocational expert's testimony should be further examined.

Furthermore, in addition to above discussed, medical expert's testimony may be needed since the ALJ is not qualified to interpret raw medical data in functional terms. *See* Nguyen v. Chater, 172 F.3d 31 (1st Cir. 1999) (the ALJ is not qualified to interpret raw medical data in functional terms); Rodríguez v. Secretary of Health & Human Servs., 893 F.2d 401, 403 (1st Cir. 1989).

To review the final decision of the Commissioner courts must determine if the evidence of record meets the substantial evidence criteria. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". Richardson v. Perales, 402 U.S. 389 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence.[5] The court would set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error. Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). *See* Rodríguez, 647 F.2d at 222.

As above discussed, in the present case, the decision of the Commissioner, adopting the findings of the ALJ, is not consonant with substantial evidence in the record as a whole.

---

[5] Falu v. Secretary of Health & Human Servs., 703 F.2d 24 (1st Cir. 1983).

## CONCLUSION

In view of the foregoing, this United States Magistrate Judge, having perused the record and having considered whether there was substantial evidence in support of the decision rendered by the Commissioner, concludes that it is not supported by substantial evidence. As such, this case is REMANDED for further consideration consonant with the above.

IT IS SO ORDERED.

At San Juan, Puerto Rico, on this 14th day of October of 2011.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES MAGISTRATE JUDGE